John C. Taylor, State Bar No. 78389
Neil K. Gehlawat, State Bar No. 289388
Peter A. Reagan, State Bar No. 327596
**TAYLOR & RING, LLP**
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, California 90266
Telephone: (310) 209-4100
Facsimile: (310) 208-5052

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHYNZIA ORTIZ, individually and as successor-in-interest to Noor Ramsis; N.R., a minor, by and through their guardian *ad litem*, Chynzia Ortiz, individually and as successor-in-interest to Noor Ramsis,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a public entity; JONATHAN SANDOVAL, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br>   1. Fourth Amendment (42 U.S.C. § 1983)<br>   2. Municipal Liability (42 U.S.C. § 1983)<br>   3. Battery (Wrongful Death and Survival Action)<br>   4. Violation of Bane Act (Cal. Civil Code § 52.1)<br>   5. Negligence (Wrongful Death and Survival Action)<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///

1

COMPLAINT FOR DAMAGES

# INTRODUCTION

1. On January 13, 2024, deputies with the Los Angeles County Sheriff's Department ("LASD"), including LASD Deputy Jonathan Sandoval, shot and killed 38-year-old Noor Ramsis ("Decedent"). Decedent was walking on the sidewalk in the 1300 block of East Florence Avenue, when two LASD deputies exited their patrol vehicle behind him and started yelling in his direction. Decedent turned his head to look behind him, when the two deputies started shooting him multiple times.

2. At the time he was shot and killed, Decedent did not pose an imminent threat of death or serious bodily injury to anyone, including the involved LASD deputies. Upon information and belief, Decedent was shot in the back. Prior to being shot, Decedent never punched, kicked, or verbally threatened the involved LASD deputies. The involved deputies' use of deadly force was not necessary in defense of human life. Plaintiffs will forever be without Decedent for the rest of their lives.

3. For all of the above reasons, this case is in the public interest.

# COMPLAINT FOR DAMAGES

4. Plaintiffs Chynzia Ortiz and N.R. (all together, "Plaintiffs"), for their Complaint against Defendants County of Los Angeles, Jonathan Sandoval, and Does 1-20, inclusive, allege as follows:

# JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

7. Plaintiff Chynzia Ortiz is the wife of Noor Ramsis ("Decedent"). At all relevant times, Plaintiff Chynzia Ortiz is and was a resident of the County of Los Angeles, State of California. She brings these claims individually and as co-successor-in-interest to Decedent. Her co-successor-in-interest declaration pursuant to CCP section 377.32 is attached hereto as "Exhibit A."

8. Plaintiff N.R. is the biological minor daughter of Decedent. A petition to appoint Chynzia Ortiz, her mother, as her guardian *ad litem* will be filed with the Court. At all relevant times, Plaintiff N.R. is and was a resident of the County of Los Angeles, State of California. She brings her claims individually and as co-successor-in-interest to Decedent. Her co-successor-in-interest declaration pursuant to CCP section 377.32 is attached hereto as "Exhibit B."

9. At all relevant times, Defendant County of Los Angeles ("County") is and was a municipal corporation existing under the laws of the State of California with the capacity to be sued. The County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department and its agents and employees. The County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, County was the employer of Defendant Sandoval and Does 1-20 and is vicariously liable for their acts and omissions pursuant to California Government Code § 815.2.

10. Defendant Jonathan Sandoval ("Sandoval") is and was a sworn deputy with the Los Angeles County Sheriff's Department. Upon information and belief, Sandoval is a resident of the County of Los Angeles, State of California. At all relevant times,

Sandoval was acting under color of law and within the course and scope of his respective duties as a sheriff's deputy and with complete authority and ratification of his principal, County.

11. Does 1-20 are sworn deputies employed by County, who were involved in the killing of Decedent. The names of Does 1-20 are unknown to Plaintiffs at this time, who therefore sue such officers by fictitious names. Plaintiffs will amend their Complaint to show the true names and capacities of Does 1-20 when they have been ascertained. At all relevant times, Does 1-20 were acting under color of law and within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, County.

12. At all relevant times, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

13. On April 9, 2024, Plaintiffs Chynzia Ortiz and N.R. filed a claim for damages with County pursuant to applicable sections of the California Government Code. Plaintiffs' claims were rejected by operation of law on May 30, 2024.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

15. On January 13, 2024, at approximately 3:15 p.m., Defendants Sandoval and Does 1 through 20 responded to a witness description of Decedent walking westbound on Florence Avenue.

16. At the time Defendants Sandoval and Does 1 through 20 located Decedent, he was walking on the sidewalk in the 1300 block of East Florence Avenue.

17. When they located Decedent, Defendants Sandoval and Does 1-20 exited their patrol vehicle and started yelling in Decedent's direction from behind.

18. While Decedent was turning his head to look behind him, Defendants Sandoval and Does 1-20 immediately started shooting multiple times in the direction of Decedent's back.

19. During their interaction with him, Decedent did not pose an imminent threat of death or serious bodily injury to anyone, including the involved County deputies.

20. Prior to being shot, Decedent never punched, kicked, or verbally threatened the involved LASD deputies. The involved deputies' use of deadly force was not necessary in defense of human life.

21. Defendants Sandoval and Does 1-20 shot at Decedent multiple times. As a result of the gunshot(s) inflicted upon him, Decedent suffered fatal injuries. Decedent lived for a period of time before ultimately succumbing to his injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment (42 U.S.C. § 1983)

(Against Defendants Sandoval and Does 1-20)

22. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

23. Defendants Sandoval and Does 1-20 used excessive and unreasonable force against Decedent. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

24. As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

25. The conduct of Defendants Sandoval and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

26. Defendants Sandoval and Does 1-20 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

27. Plaintiffs Chynzia Ortiz and N.R. bring this claim in their representative capacities and seek survival damages and loss of life damages. Plaintiffs also seek attorney fees.

## SECOND CLAIM FOR RELIEF

### Municipal Liability (42 U.S.C. § 1983)

(Against County)

28. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29. Defendants Sandoval and Does 1-20 acted under color of law.

30. The acts of Defendants Sandoval and Does 1-20 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, as described above.

31. Upon information and belief, the County has determined that the unconstitutional conduct of Defendants Sandoval and Does 1-20 and the bases for it was within policy. To Plaintiffs' knowledge, none of Defendant Sandoval and Does 1-20 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident. On information and belief, a final policymaker(s) for the County has ratified or will ratify the conduct of Sandoval and Does 1-20.

32. Plaintiffs further allege that the training policies of the County were not adequate to train law enforcement officers to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the County did not adequately train its officers with respect to de-escalation and to intervene when other officers are observed to be acting unreasonably or using excessive force. Plaintiffs allege that the County was deliberately indifferent to the obvious consequences of its failure to

train its sheriff's deputies adequately. The failure of the County to provide adequate training caused the deprivation of the Decedent's and Plaintiff's rights.

33. Upon information and belief, Plaintiffs further allege that the County maintained unconstitutional customs, practices, and/or policies, including inter alia with respect to failing to use de-escalation tactics. Defendant County, including its relevant sheriff's deputies, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices, and customs.

34. Based on the above, Plaintiffs contend that the County is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

35. Plaintiffs Chynzia Ortiz and N.R. bring this claim in their representative capacities and seek compensatory damages. Plaintiffs also seek attorney fees.

## THIRD CLAIM FOR RELIEF

### Battery (Wrongful Death and Survival Action)

(Against All Defendants)

36. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants Sandoval and Does 1-20, while working as sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent. As a result of the actions of Defendants Sandoval and Does 1-20, Decedent was harmed and ultimately died.

38. The County is vicariously liable for the wrongful acts of Defendants Sandoval and Does 1-20 pursuant to section 815.2(a) of the California Government Code. Defendants Sandoval and Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

39. The conduct of Defendants Sandoval and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

40. Plaintiffs Chynzia Ortiz and N.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

## FOURTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

41. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. Defendants Sandoval and Does 1-20, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

43. When Defendants Sandoval and Does 1-20 shot Decedent, they interfered with his civil rights, including without limitation his right to be free from unreasonable seizures to due process, and to life, liberty, and property.

44. Defendants Sandoval and Does 1-20 successfully interfered with the above civil rights of Decedent.

45. The conduct of Defendants Sandoval and Does 1-20 caused Decedent's death.

46. The County is vicariously liable for the wrongful acts of Defendants Sandoval and Does 1-20 pursuant to section 815.2(a) of the California Government Code.

47. The conduct of Defendants Sandoval and Does 1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, entitling Plaintiffs to an award of punitive damages.

48. Plaintiffs Chynzia Ortiz and N.R. bring this claim in their representative capacities and seek survival damages, statutory damages, and attorney fees.

///

///

///

# FIFTH CLAIM FOR RELIEF

## Negligence (Wrongful Death and Survival Action)

(Against All Defendants)

49. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

50. The actions and inactions of Defendants Sandoval and Does 1-20 described above – together with undiscovered conduct – were negligent and reckless.

51. The following conduct, without limitation, fell below the standard of care:

    a. The failure to use proper pre-shooting and de-escalation tactics; and

    b. The decision to shoot Decedent multiple times when he did not pose an imminent threat of death or serious bodily injury;

52. As a direct and proximate result of the conduct of Defendants Sandoval and Does 1-20 as alleged above, together with other undiscovered conduct, Decedent was harmed and ultimately died.

53. Defendant County is vicariously liable for the wrongful acts of Defendants Sandoval and Does 1-20 pursuant to section 815.2(a) of the California Government Code. Defendants Sandoval and Does 1-20 are liable for their own wrongful acts pursuant to section 820(a) of the California Government Code.

54. Plaintiffs Chynzia Ortiz and N.R. bring this claim in their individual and representative capacities and seek wrongful death and survival damages.

///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. For wrongful death damages, in an amount to be proven at trial;

B. For survival damages—including for Decedent's pre-death pain and suffering—under state and federal law in an amount to be proven at trial;

C. For loss of life damages, in an amount to be proven at trial;

D. For punitive damages against the individual defendants, in an amount to be proven at trial;

E. For interest;

F. For reasonable costs of this suit and attorneys' fees pursuant to Cal. Civil Code § 52.1 and 42 U.S.C. § 1988; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: November 19, 2024                    **TAYLOR & RING**

By: /s/ Neil K. Gehlawat
       John C. Taylor
       Neil K. Gehlawat
       Peter A. Reagan
       Attorneys for Plaintiffs
.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: November 19, 2024				**TAYLOR & RING**


							By: _/s/ Neil K. Gehlawat_
								John C. Taylor
								Neil K. Gehlawat
								Peter A. Reagan
								Attorneys for Plaintiffs